UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

A.A.,

        Petitioner,

    v.

KRISTI NOEM, et al.,

        Respondents.

No.  1:26-cv-00302-DAD-JDP

ORDER GRANTING PETITIONER'S MOTION TO TRANSFER TO THE SOUTHERN DISTRICT OF CALIFORNIA AND VACATING THE COURT'S JANUARY 19, 2026 ORDER

(Doc. Nos. 11, 13)

On January 15, 2026, petitioner filed a petition for writ of habeas corpus, a motion for temporary restraining order, and a motion to proceed under a pseudonym.  (Doc. Nos. 1, 2, 3.)  In that habeas petition, petitioner alleged that venue was proper in this court because petitioner was detained in an immigration detention facility in California City, California, which is within the jurisdiction of the Eastern District of California.  (Doc. No. 1 at 4.)  On January 19, 2026, the court issued an order granting in part petitioner's motion for a temporary restraining and motion to proceed by pseudonym.  (Doc. No. 11.)  That same day, respondent filed a response to the court's order, alerting the court that petitioner has, in fact, been detained in Otay Mesa, California within the Southern District of California, since his re-detention on December 24, 2025.  (Doc. No. 12 at 1.)  Respondents request that the petition be either dismissed or transferred to the

1

Southern District of California, where petitioner is detained.  (*Id.* at 2.)  On January 20, 2026, petitioner filed a motion to transfer this action to the Southern District of California pursuant to 28 U.S.C. § 1406.  (Doc. No. 13.)  Therein, petitioner confirms that he is detained in Otay Mesa, California and does not dispute that he was detained there at the time his petition was filed.  (Doc. No. 13 at 1.)

Habeas jurisdiction lies only in the district of confinement.  *Doe v. Garland*, 109 F.4th 1188, 1198 (9th Cir. 2024) (holding the district court's exercise of jurisdiction over an immigration habeas petition was improper because the petitioner was confined in a different district).  Habeas jurisdiction is established at the time of filing.  *Johnson v. Gill*, 883 F.3d 756, 761 (9th Cir. 2018) (holding that the petitioner's transfer to another facility did not destroy the jurisdiction established at the time of filing).  "[A] circuit court may 'transfer the application [for a writ of habeas corpus] for hearing and determination to the district court having jurisdiction to entertain it.'" *Lopez-Marroquin v. Barr*, 955 F.3d 759, 760 (9th Cir. 2020) (transferring a habeas challenge to the petitioner's immigration detention to the Southern District of California) (quoting 28 U.S.C. § 2241(b)).

Here, petitioner was detained in Otay Mesa, California, located in the Southern District of California, at the time he filed his habeas petition in this action, and he remains detained at that location.  (Doc. No. 12 at 1.)  Jurisdiction is therefore proper in the Southern District of California and the court will therefore transfer these proceedings.

Accordingly, for the reasons explained above,

1. Petitioner's motion to transfer to the Southern District of California (Doc. No. 13) is GRANTED;

2. The court's prior order granting in part petitioner's motion for a temporary restraining order and motion to proceed under a pseudonym (Doc. No. 11) is VACATED; and

/////

/////

/////

/////

2

3.  The Clerk of the Court is DIRECTED to transfer this case to the Southern District of California.

IT IS SO ORDERED.

Dated:   **January 21, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3