# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

A.A.,

Petitioner,

v.

KRISTI NOEM, Secretary of U.S. Department of Homeland Security, et al.,

Respondents.

Case No.:  3:26-cv-00397-RBM-AHG

**ORDER:**

**(1) GRANTING IN PART AND DENYING IN PART MOTION TO PROCEED WITH PSEUDONYM [Docs. 3, 19];**

**(2) SETTING DEADLINE FOR SUPPLEMENTAL BRIEFING**

On January 15, 2026, Petitioner A.A. ("Petitioner") filed a Verified Petition for Writ of Habeas Corpus ("Petition") pursuant to §2241 in the United States District Court, Eastern District of California.  (Doc. 1.)  That same day, Petitioner also filed an Ex Parte Emergency Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction ("TRO Motion") (Doc. 2), and a Motion to Proceed with Pseudonym ("Pseudonym Motion") (Doc. 3).

After the Parties had fully briefed the TRO Motion and the Pseudonym Motion (*see* Doc. 5), and after a ruling had been issued (*see* Doc. 11), the instant action was transferred

1

to this District on January 21, 2026. (Doc. 15.) Petitioner then filed an Amended Petition (Doc. 17), an Amended TRO Motion (Doc. 18), and an Amended Pseudonym Motion (Doc. 19). Petitioner asserts that the only amendments made were to correct the caption (*see* Doc. 18 at 1 n.1) and to "reflect the correct detention facility/warden and venue" in the Petition (Doc. 17 ¶ 1.)

## I.  PSEUDONYM MOTION

Although petitioners must typically identify themselves in pleadings under Federal Rule of Civil Procedure 10(a), they may "use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule, or personal embarrassment.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (internal citation omitted). The Court must "balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Id*. at 1068.

Petitioner alleges that he should be allowed to proceed pseudonymously because he survived persecution of a sensitive nature and disclosure of his identity could lead to further stigma and harm. (Doc. 3 at 3–4). Respondents do not oppose the Pseudonym Motion. (*See* Doc. 8.) The Court finds that Petitioner has demonstrated a sufficient need for anonymity and that the use of a pseudonym here will not prejudice Respondents or diminish the public's understanding of the issues or resolution of Petitioner's claim. Petitioner's use of a pseudonym is therefore **GRANTED**.

Petitioner also requests that any names or identifying information relating to him and his family be redacted and that the sharing of this information be limited to what is reasonably necessary for the litigation. (Doc. 3 at 6–7.) Because Petitioner has not cited any authority or arguments in support of these additional requests, the Court **DENIES** such requests without prejudice. Accordingly, the Pseudonym Motion (Docs. 3, 19) is **GRANTED IN PART AND DENIED IN PART**.

## II.  SUPPLEMENTAL BRIEFING

Pursuant to Judge Dale A. Drozd's order in the Eastern District of California (*see*

3:26-cv-00397-RBM-AHG

Doc. 5), the Parties had fully briefed the TRO Motion before this action was transferred to this Court.  Petitioner asserts that the only amendments made were to correct the caption of the TRO Motion (*see* Doc. 18 at 1 n.1) and to "reflect the correct detention facility/warden and venue" in the Petition (Doc. 17 ¶ 1.)

As it appears that the legal claims at issue remain the same, Petitioner and Respondents are **ORDERED** to file, **on or before February 10, 2026**: (1) any supplemental briefing necessary to this Court's determination of the issues raised in the Petition; or (2) a statement indicating that they wish to submit the Petition on their currently-filed briefs.  If Petitioner or Respondents wish to file supplemental briefing, they must also submit as exhibits all documents or evidence relevant to the determination of the issues raised in the Petition and make a recommendation regarding the need for an evidentiary hearing.  The matter will be deemed under submission at that time, and the parties shall await further order from the Court.

To preserve the Court's jurisdiction, and to maintain the status quo, Petitioner **SHALL NOT** be transferred outside of the Southern District of California pending a ruling in this matter.  *See Doe v. Bondi*, Case No.: 25-cv-805-BJC-JLB, 2025 WL 1870979 at *1 (S.D. Cal. June 11, 2025) ("Federal courts retain jurisdiction to preserve the status quo while determining whether [they have] subject matter jurisdiction over a case and while a petition is pending resolution from the court.") (collecting cases).

**IT IS SO ORDERED**.

DATE:  February 5, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3

3:26-cv-00397-RBM-AHG