# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

A.A.,

Petitioner,

v.

KRISTI NOEM, Secretary of U.S. Department of Homeland Security, et al.,

Respondents.

Case No.: 3:26-cv-00397-RBM-AHG

**ORDER:**

**(1) GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS [Doc. 17]; AND**

**(2) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT [Docs. 2, 18]**

Pending before the Court are Petitioner A.A.'s ("Petitioner") Amended Verified Petition for Writ of Habeas Corpus ("Amended Petition") pursuant to § 2241 (Doc. 17) and Amended Ex Parte Emergency Application For Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction("Amended TRO Motion") (Doc. 18).

For the reasons set forth below, the Amended Petition (Doc. 17) is **GRANTED**, and the Amended TRO Motion (Doc. 18) is **DENIED AS MOOT**.

//

//

1

3:26-cv-00397-RBM-AHG

# I.    BACKGROUND

## A.    Factual Background

Petitioner, a native and citizen of India, entered the United States without inspection on August 2, 2024.  (Doc. 17 ¶ 19.)[1]  Shortly thereafter, Petitioner was detained by United States Customs and Border Protection ("CBP") and released on his own recognizance.  (*Id.*)  Petitioner was issued a Notice to Appear charging him as a noncitizen present in the United States without admission or parole.  (*Id.* (citing Doc. 17-1 at 2).)  Petitioner subsequently filed an application for asylum and withholding of removal, which remains pending.  (*Id.* ¶ 20.)  Petitioner was also granted an Employment Authorization Document ("EAD") that was valid for five years.  (*Id.* ¶¶ 3, 20, 45; *see* Doc. 17-2 at 2.)

On December 23, 2025, Petitioner was arrested and re-detained at a scheduled check-in appointment at the United States Immigration and Customs Enforcement's ("ICE") office.  (*Id.* ¶ 23.)  "Petitioner was provided no notice or opportunity to be heard regarding his re-detention."  (*Id.* ¶¶ 24, 45.)  Petitioner has no criminal record and has "complied with ICE check in requirements."  (*Id.* ¶¶ 22, 45.)

## B.    Procedural Background

Petitioner initially commenced this action in the United States District Court, Eastern District of California by filing a Verified Petition for Writ of Habeas Corpus ("Petition") pursuant to § 2241 (Doc. 1), an Ex Parte Emergency Application For Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction ("TRO Motion") (Doc. 2), and a Motion to Proceed with Pseudonym ("Pseudonym Motion") (Doc. 3).  That same day, the Honorable Judge Dale A. Drozd of the Eastern District of California ordered Respondents to file a written opposition to the TRO Motion and Pseudonym Motion.  (Doc. 4.)  On January 19, 2026, Judge Drozd: (1) granted the Pseudonym Motion in part; (2) converted the TRO Motion into a motion for preliminary injunction based on Respondents'

---

[1]  The Court cites the paragraph numbers of the Amended Petition and the CM/ECF electronic pagination for other citations unless otherwise noted.

non-opposition; and (3) granted the preliminary injunction in part. (Doc. 11.) Judge Drozd then ordered Respondents "to immediately release [P]etitioner from [R]espondents' custody on the same conditions he was subject to immediately prior to his December 23, 2025, re-detention," and "ENJOINED AND RESTRAINED [Respondents] from re-detaining [P]etitioner for any purpose, absent exigent circumstances, without providing [P]etitioner notice and a pre-detention hearing before an immigration judge where [R]espondents will have the burden to demonstrate a change in circumstances justifying [P]etitioner's re-detention." (*Id.*)

On January 19, 2026, Respondents requested the Petition be dismissed or transferred because "it was discovered that" Petitioner had been detained at the Otay Mesa Detention Center since his initial detention on December 24, 2025 and "was never within the physical jurisdiction of the Eastern District of California." (Doc. 12 at 1.) Petitioner filed a Motion to Transfer shortly thereafter. (Doc. 13.) On January 21, 2026, Judge Drozd granted Petitioner's Motion to Transfer and vacated his prior order issued on January 19, 2026. (Doc. 14.) The action was transferred to this District that same day. (Doc. 15.)

On January 23, 2026, Petitioner filed an Amended Petition (Doc. 17), an Amended TRO Motion (Doc. 18), and an Amended Pseudonym Motion (Doc. 19). Petitioner asserts that the only amendments made were to correct the caption (*see* Doc. 18 at 1 n.1) and to "reflect the correct detention facility/warden and venue" in the Petition (Doc. 17 ¶ 1.) On February 5, 2026, this Court granted in part and denied in part the Amended Pseudonym Motion. (Doc. 22.) The Court also ordered the Parties to file "any supplemental briefing necessary to this Court's determination of the issues raised in the Petition" or "a statement indicating that they wish to submit the Petition on their currently-filed briefs." (*Id.* at 2.) The Parties subsequently filed a Joint Statement informing the Court that "they have agreed to rest on the previously filed submissions in this matter." (Doc. 23 at 1.) Accordingly, the Court considers the Parties' arguments and evidence on record in resolving the instant Amended Petition.

3:26-cv-00397-RBM-AHG

## II.   **LEGAL STANDARD**

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.   **DISCUSSION**

Petitioner argues that his ongoing detention violates the Immigration and Nationality Act ("INA"), the Fifth Amendment's Due Process Clause, and the Administrative Procedure Act ("APA"). (Doc. 1 ¶¶ 48–67; Doc. 17 ¶¶ 48–67.) Respondents recognize that "courts nationwide have rejected the Department of Homeland Security's ('DHS') July 2025 Policy ('July Policy')" but nonetheless maintain that the July Policy is correct and lawful. (Doc. 8 at 2 (citing Doc. 4 at 3–4).) However, Respondents did not further explain the basis for its position that Petitioner is subject to detention under 8 U.S.C. § 1225 or address Petitioner's due process claim. (*See id.*)

This Court has granted several habeas petitions filed by similarly situated petitioners who were re-detained several years after having been released pursuant to an Order of Release on Own Recognizance. In *Faizyan v. Casey*, the Court held a similarly situated petitioner was detained pursuant to Respondents' discretionary authority under 8 U.S.C. § 1226 because his Order of Release on Recognizance was issued pursuant to § 1226 and he was not "seeking admission" at the time of his re-detention. Case No.: 3:25-cv-02884-RBM-JLB, 2025 WL 3208844, at *5–6 (S.D. Cal. Nov. 17, 2025); *see Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007) ("It is apparent that the INS used the phrase 'release on recognizance' as another name for 'conditional parole' under §

4

1226(a)."); *J.S.H.M v. Wofford*, Case No. 1:25-CV-01309 JLT SKO, 2025 WL 2938808, at *6 (E.D. Cal. Oct. 16, 2025) (recognizing that the term "released on their own recognizance" typically refers to conditional parole). The Court then applied the due process inquiry in *Mathews v. Eldridge*, 424 U.S. 319 (1976) and found that Respondents' summary revocation of the petitioner's "conditional parole without an opportunity to be heard deprived [him] of his due process rights." *Faizyan*, 2025 WL 3208844, at *6–7; *see Xie v. LaRose*, Case No.: 3:25-cv-03649-RBM-MSB, 2026 WL 92066, at *2 (S.D. Cal. Jan. 13, 2026).

In this case, Petitioner was released on his own recognizance and lived in the United States for about a year and a half before he was re-detained while attending a required ICE check-in. (*See* Doc. 17 ¶¶ 23, 45.) Petitioner also alleges that he was re-detained "[w]ithout any notice or process or any change in facts of circumstances." (*Id.* ¶ 45.) The Court therefore adopts its reasoning in *Faizyan* and applies it here.

For those same reasons, the Court finds that Petitioner is detained under 8 U.S.C. § 1226(a) and is therefore also a member of the Bond Eligible Class certified in *Bautista v. Santacruz*, — F. Supp. 3d —, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).

Moreover, like in *Faizyan*, Respondents' revocation of Petitioner's release without an opportunity to be heard deprived Petitioner of his due process rights. "As ICE was not authorized to release [Petitioner] if [he] was a danger to the community or a flight risk, the Court must infer from [the] release that ICE determined [he] was neither." *Pinchi*, 792 F. Supp. 3d at 1034. Petitioner also alleges that he complied with his ICE check-in requirements, and was in fact arrested while appearing for such a check-in, and that he was not provided notice or an opportunity to be heard as to the reasons for the revocation of his release. (*See* Doc. 17 ¶ 45.) Respondents provide no evidence that Petitioner was afforded any notice or opportunity to be heard regarding the reasons for the revocation of his release. (*See generally* Doc. 8.) Accordingly, ICE's revocation of Petitioner's release on recognizance without a pre-deprivation or bond hearing violated his due process rights and rendered his detention unlawful. *See Faizyan*, 2025 WL 3208844, at *6–7; *C.A.R.V. v.*

*Wofford*, Case No. 1:25-CV-01395 JLT SKO, 2025 WL 3059549, at *9 (E.D. Cal. Nov. 3, 2025) (finding due process violation where the petitioner was originally released on an order of release on recognizance); *Leiva Flores v. Albarran*, Case No. 25- cv-09302-AMO, 2025 WL 3228306, at *5 (N.D. Cal. Nov. 19, 2025) (finding the same and requiring a hearing before detention).  The Amended Petition is therefore **GRANTED**.[2]

## IV.   CONCLUSION

Based on the foregoing reasons, the Amended Petition (Doc. 17) is **GRANTED**. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to the same conditions he was subject to immediately prior to his detention on December 23, 2025.

1. The Court **ORDERS** that, prior to any re-detention of Petitioner, Petitioner shall receive notice and a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted.  Respondents shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.[3]

2. The Petition (Doc. 1), the TRO Motion (Doc. 2), and the Amended TRO Motion (Doc. 18) are **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATE:  February 10, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[2]  In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

[3]  This relief has been granted in similar matters. *See E.A. T.-B v. Wamsley*, 795 F. Supp. 3d 1316,1324 (W.D. Wash. 2025); *Duong v. Kaiser*, — F. Supp. 3d —, 2025 WL 2689266, at *7–10 (N.D. Cal. Sept. 19, 2025); *Lepe v. Andrews*, — F. Supp. 3d —, 2025 WL 2716910, at *10 (E.D. Cal. Sept. 23, 2025).

3:26-cv-00397-RBM-AHG